UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STEVEN ERIK GURULE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MATTHEW CATE, et al., ) <br> ) <br> Respondents. ) <br> ) | No. ED CV 12-823-DDP (PLA) <br><br> **ORDER ADOPTING FINDINGS,** <br> **CONCLUSIONS AND RECOMMENDATION** <br> **OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On November 6, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on November 21, 2012, petitioner filed "Objections to Report [and] Recommendation" ("Objections").

## DISCUSSION

Petitioner raises two objections to the Report and Recommendation: (1) special circumstances entitle petitioner to equitable tolling, and (2) petitioner is entitled to equitable tolling under the Schlup "actual innocence" exception. (Objections at 2-5).

In support of his first objection, petitioner asserts that the following special circumstances (among others) apply to warrant equitable tolling in his case: (1) petitioner is not challenging "the validity of his underlying conviction or sentence" because he "does not seek to vacate any aspect of his conviction or shorten his sentence," and thus "the petition in this case does [not] threaten any of the ... principles the AEDPA was designed to protect"; (2) petitioner's claims affect many other state prisoners adversely affected by California Penal Code § 2933.6(a); (3) petitioner's delay in filing his federal petition "only adversely affected petitioner," and not respondent; (4) adjudicating petitioner's claims on the merits would not prejudice the state "because availability of evidence or witnesses, or fading memories, is not an issue"; and (5) petitioner's claims can be resolved relatively easily. (Objections at 2-4). The first of these alleged special circumstances is based on an incorrect statement. Petitioner asserts that because he is merely trying to enforce a provision in his plea agreement that states that he is eligible to earn half-time credits while serving his sentence, he is not "seek[ing] to vacate any aspect of his conviction or shorten his sentence." (Objections at 2-3; see Petition, Exhibit 1 at 2). However, notwithstanding the plea agreement's provision for earning half-time credits, the trial court sentenced petitioner (also pursuant to the plea agreement) to 15 years and 4 months in state prison. (See Petition at 2, Exhibit 1). Thus, insofar as petitioner challenges any inability to earn half-time credits while he is serving that sentence, he is in fact challenging the length of his confinement under his 15-year and 4-month sentence. Neither do the remaining factors identified by petitioner entitle him to equitable tolling, as they are irrelevant to whether an "extraordinary circumstance" stood in his way that prevented him from timely filing his federal petition. See, e.g., Holland, 130 S.Ct. at 2560.

In his second objection, petitioner contends that he qualifies for the Schlup "actual innocence" gateway because "when [he] was found in possession of the items [that led to his validation as a gang associate] in 2009[,] he was 'actually innocent' of any conduct that could have resulted in him being stripped of his ability to earn conduct credits," since the version of Section 2933.6(a) that has been applied to petitioner was not amended until 2010. (Objections at 4-5). Assuming without deciding that Schlup applies to prison disciplinary proceedings (see Jaime v. Harman, 2012 WL 1463545, at *6 n.6 (C.D. Cal. Apr. 27, 2012) (collecting unpublished cases that

apply the Schlup standard to disciplinary hearings, but stating that there does not appear to be "binding precedent holding that Schlup applies in this context")), petitioner's argument is irrelevant to the Schlup actual innocence standard. "Actual innocence" under Schlup would not be satisfied here by showing that at the time petitioner was classified as a gang associate, he was not legally punishable for that classification, but by showing that "[t]he evidence of innocence [is] so strong that a court cannot have confidence in the outcome" of the validation proceeding. Lee, 653 F.3d at 938 (internal quotation marks omitted); see Jaime, 2012 WL 1463545, at *6. Petitioner has not asserted that he is actually innocent of the prison disciplinary violation resulting in his validation as a gang associate. Thus, he is not entitled to equitable tolling under Schlup.

Accordingly, after full consideration of the arguments and allegations in petitioner's Objections, the Court concludes as follows:

### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: December 10, 2012

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE